UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CELESTE GLOVER,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | |
| | § | **CIVIL ACTION NO.4:19-CV-04548** |
| **ALDINE INDEPENDENT SCHOOL** | § | |
| **DISTRICT** | § | |
| **Defendant,** | § | **JURY DEMAND** |
| | § | |
| | § | |
| | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:

COMES NOW, CELESTE GLOVER, Plaintiff herein, complaining of ALDINE INDEPENDENT SCHOOL DISTRICT (hereinafter referred to as "ALDINE ISD"), Defendant herein, and in support would show the Court as follows:

## I.

## NATURE OF THE CASE

1.      This is an action under the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. Sec 12112 for unlawful employment practices based on Plaintiff's disability. Plaintiff CELESTE GLOVER (" Ms. Glover" and/or "Plaintiff") alleges that Defendant, ALDINE ISD subjected Plaintiff to discrimination based on her disability. Plaintiff also alleges claims of harassment and hostile work environment.

2      The Plaintiff alleges employment discrimination and retaliation action, arising under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq ("Title VII").

3.      This is also a race discrimination case under 42 U.S.C. §1981.

## II.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) because the action is based on 42 U.S.C. Sec 12112.

5.      Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the unlawful employment practices are alleged to have been committed in Houston, Harris County, Texas, located within the United States District Court for the Southern District of Texas.

6.      The United States District Court for the Southern District of Texas is the proper forum in which to litigate the claim of Plaintiff because Defendant has a physical presence in Houston, Harris County, Texas.

## III.

## THE PARTIES

7.      Plaintiff Celeste Glover is a female citizen of the United States and a resident of Houston, Texas.

8.      Defendant, ALDINE ISD, is a school district system in the State of Texas. Defendant ALDINE ISD is an employer as defined the Americans with Disabilities Act. Defendant has its principal place of business in Houston, Harris County, Texas and may be served by serving its Superintendent, Dr. LaTonya Goffney, at 2520 W.W. Thorne Blvd., Houston, Texas 77073.

## IV.

## ADMINISTRATIVE PROCEDURE

9.      Plaintiff submitted a charge of discrimination, EEOC Charge No. 460-2019

03365, against Defendant to the Equal Employment Opportunity Commission ("EEOC),

Houston District Office, on August 19, 2019 requesting an investigation based on

disability Discrimination, race discrimination, and retaliation.

10.      The Notice of Right to Sue from the EEOC was mailed out on August 20, 2019.

See Exhibit A. Therefore, this suit is timely filed within the 90 days allowed from the receipt of

this right to sue letter.

11.      Plaintiff submitted a charge of discrimination, EEOC Charge No. 460-2020-

02869, against Defendant to the Equal Employment Opportunity Commission ("EEOC),

Houston District Office, on March 3, 2020 requesting an investigation based on disability

Discrimination, race discrimination, and retaliation.

12.      The Notice of Right to Sue from the EEOC was mailed out on March 6, 2020. See

Exhibit B. Therefore, this suit is timely filed within the 90 days allowed from the receipt of this

right to sue letter.

13.      All conditions precedent to the institution of this lawsuit have been fulfilled.

**V.**

**<u>FACTUAL ALLEGATIONS</u>**

14.      Ms. Glover is the parts room manager for Aldine ISD. She is the only female and

only African American working in her department.

15.      She manages the inventory and assist the mechanics and her other coworkers with

parts needed to keep the buses properly functioning.

16.      On January 10, 2018, Ms. Glover filed a written complaint notifying Aldine ISD that she was being subjected to harassment by a male employee (Keith Ogilvie) in her department. See Exhibit C. Little to no investigation took place.

17.    Plaintiff was later notified by Jack Mann that he had concluded his investigation and was unable to confirm her allegations.

18.      Mr. Ogilvie was moved to another department however, he continues to come to Ms. Glover's department to harass her.

19.      Ms. Glover notified management officials including Mr. Mann and Dr. Keena Bradley however, nothing has been done to stop his harassment.

20.      On February 21, 2019, Ms. Glover filed a grievance with her union regarding her hostile work environment. See Exhibit D.

21.      On April 3, 2019, Mr. Bland, Civil and Human Rights Department Director, received a letter from Dr. Bradley dated April 1, 2019 See Exhibit E.

22.      Mr. Bland delivered the letter to Ms. Glover on May 17, 2019, well past the appeal deadline. The letter informed Ms. Glover that her grievance was denied. Mr. Bland intentionally held the letter in order to preclude Ms. Glover from appealing the grievance.

203.      Plaintiff has experienced retaliation to her grievance and complaints. The retaliation has been continuous and ongoing. On April 1, 2019, was written up for being late on February 22, 2019. No of the male employees were written up for being late.

24.      Plaintiff's hours were also cut beginning in June 2019. No male employees' hours were cut to her knowledge. The adverse employment action and behavior toward Plaintiff from Defendant has been continuous and ongoing.

25.         Ms. Glover has also been experiencing harassment, discrimination, and retaliatory behavior from Francisco Mireles. This treatment from Francisco Mireles has been continuing and ongoing.

26.         Aldine ISD has been notified of Mr. Mireles's behavior towards Ms. Glover and the other employees multiple times.

27.         In May of 2018, Mr. Mireles was witnessed by multiple employees of Aldine ISD yelling to another coworker "I kill black people for a living!". Defendant was made aware of Mr. Mireles actions. Four of Defendant's employees drafted statements regarding this incident. See Exhibit F.

28.         Multiple written complaints have been made against Mr. Mireles for his aggressive and intimidating behavior.

29.         Ms. Glover has complained to management regarding Mr. Mireles's harassment towards her and the hostile working conditions on multiple occasions. Mr. Mireles was suspended from work for a short period of time for his behavior.

30.         Ms. Glover is being treated for PTSD, depression, and anxiety.

31.         Aldine ISD is aware of Ms. Glover's treatment and medication for her disability.

32.         Mr. Mireles is also aware of Ms. Glover's disability however continues to harass her. Aldine ISD is aware of Mr. Mireles ongoing harassment towards Ms. Glover.

33.         The harassment results in trauma, severe stress and anxiety for Ms. Glover.

34.         Upon returning from suspension on August 13, 2019, Mr. Mireles aggressively approached the only female worker in the department, Ms. Glover, in an arrogant and intimidating manner and exclaimed in her face, "I'm back!"

35.        On August 15, 2019, Mr. Mireles approached Ms. Glover again in an intimidating manner regarding a work order.

36.        Ms. Glover's stress and anxiety has increased due to the hostile work environment and she continues to suffer from severe medical problems.

37.        On August 15, 2019, Ms. Glover experienced an anxiety attack due to Mr. Mireles's harassment towards her and had to be taken to the ER where she stayed overnight.

38.        Ms. Glover has requested reasonable accommodations away from Mr. Mireles on multiple occasions due to her disabilities and the effect that Mr. Mireles's behavior towards her have on her health. However, Aldine ISD adamantly insists that Ms. Glover and Mr. Mireles work together. Not only has Aldine ISD failed to reasonably accommodate Ms. Glover due to her disability, but Aldine ISD retaliated and promoted Mr. Mireles to her supervisor. Ms. Glover now has to report to Mr. Mireles.

39.        The work location arrangement for Ms. Glover also aggravates her disability. The parts room where she works is exposed to extreme cold temperatures during the winter. Ms. Glover made Defendant aware of those conditions and requested accommodations on January 23, 2020 and February 25, 2020. Her requests were not granted.

.          Plaintiff is the only black female working in the parts room with eight Hispanic men. Plaintiff has made Defendant aware of their treatment towards her. The eight men harass and tease Ms. Glover often.

40.        Defendant has failed to provide Plaintiff with a reasonable accommodation for her disability.

## VI.

### COUNT ONE -

## DISABILITY DISCRIMINATION

41.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs 11-35.

42.     42 U.S.C § 12112 prohibits employment discrimination based on disability.

43.     Aldine ISD discriminated against Ms. Glover in violation of 42 U.S.C § 12112 by discriminating and harassing her based on her disability.

44.     As summarized above, Aldine ISD had knowledge of Ms. Glover's disability and, as a result, would not accommodate her for her disability.

45.     Defendant's discrimination and acts, through its agents, supervisors, or employees, were malicious, reckless, and intentional and consisted of discrimination of a continuous nature.

46.     As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

47.     Ms. Glover further requests his attorneys' fees and costs under 42 U.S.C. § 12205.

### VII.

### COUNT TWO – RETALIATION

48.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraph 11-35.

49.     Ms. Glover engaged in a protected activity when she complained against ongoing unlawful workplace harassment and disability discrimination.

50.       Defendant took a materially adverse action against Ms. Glover by encouraging workplace hostility. Defendant promoted Mr. Mireles to Ms. Glover's supervisor despite Plaintiff's disability accommodation request.

51.       A causal connection exists between Ms. Glover's protected activity and Defendant's adverse action. Arguably adverse employment actions must be viewed in context. *McCoy v. City of Shreveport, 492 F.3d 551, 554 (5th Cir. 2007).* The significance of any given act of retaliation will often depend on the particular circumstances. Id.

## VIII.

## COUNT THREE –

## RACE DISCRIMINATION PURSUANT TO 42 U.S.C. §1981

52.       Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs 11-35.

53.       Defendant, through its agents, supervisors, or employees violated Plaintiff's civil rights in violation of 42 U.S.C. §1981 by intentionally interfering with Plaintiff's employment because of her race.

54.       Defendant acted with malice or reckless indifference to Plaintiff's state and federally protected rights to be free from race discrimination in her employment.

55.       Defendant's acts were intentional and consisted of discrimination of a continuous nature. Further, Defendant, through its agents, supervisors and/or employees, discriminated against Plaintiff, which led to the diminution and impairment in whole or part, of her wages,

benefits, promotions, privileges, and terms and conditions of Plaintiff's employment. The above described acts on Defendant's part caused Plaintiff substantial injury and damage.

56.        As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

57.        The above-described acts by Defendant against Plaintiff are clear and direct violations of 42 U.S.C. §1981 and proximately caused Plaintiff substantial injuries and damages.

## IX.

## COUNT FOUR – DISCRIMINATION ON THE BASES OF SEX

58.        Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely a member of the female sex.

59.        Defendant is an employer within the meaning of Title VII which protect workers against unlawful employment practices, such as discrimination based on sex.

60.        Defendants intentionally discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended based on Plaintiff's sex.

61.        Defendants intentionally discriminated against Plaintiff because of her sex in violation of Title VII by subjecting her to different standards than her male counterparts.

62.        Defendants' conduct violates Title VII.

63.        Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## X.

## COUNT FIVE –

## HOSTILE WORK ENVIRONMENT

64.        Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs 11-35.

65.        Mr. Mireles's behavior was severe and pervasive and created a hostile work

environment in violation of Title VII of the Civil Rights Act of 1964.

## XI.

## PRAYER FOR RELIEF

 **WHEREFORE,** Plaintiff Ms. Glover prays that the Court grant the following relief:

A.  Compensatory damages against Aldine ISD as a consequences of Aldine ISD's unlawful

 actions, in a precise amount to be determined by the jury;

B.  Exemplary damages, in an amount to be determined by the jury;

C.  Prejudgment and post-judgment interest;

D.   Reasonable attorneys' fees, expenses and costs of the action; and

E.   Such other relief as the Court shall deem just and proper.

## XII.

## JURY DEMAND

66.        Ms. Glover demands a trial by jury on all issues of fact and damages raised in this
case.

CALHOUN, MEREDITH, &

SIMS,  PLLC

By: */s/ Trenton Sims*

Trenton Sims Attorney
State Bar of Texas No. 24096305
Southern District of Texas Bar No.3270770
Calhoun, Meredith, & Sims, PLLC
5444 Westheimer Rd Suite 1250
Houston, Texas 77056
Telephone:    (832) 430-6210
Facsmile:      (346) 223-1244
Email: tsims@calhounmeredith.com

ATTORNEY FOR PLAINTIFF